IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02984-CNS-KAS

ZZAP WELLNESS, LLC, a dissolved Colorado corporation,

     Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation,

     Defendant.

---

## ORDER

---

Defendant American Bankers Insurance Company of Florida (ABIC) moves for summary judgment on each of Plaintiff Zzap Wellness, LLC's claims for relief. ECF No. 44. For the reasons below, the Court grants ABIC's motion.

## I.   FACTUAL BACKGROUND[1]

In December 2017 and January 2018, Zzap obtained two loans from nonparty Ascentium Capital, LLC (the Ascentium Loans[2]) to finance its purchase of two "cool sculpting devices" (CSDs). ECF No. 44, ¶¶ 3–4. The Ascentium Loans required Zzap to maintain insurance on the CSDs. *Id.*, ¶¶ 5–7. Specifically, the equipment finance

---

[1] The following factual recitation is drawn from Defendant's motion, ECF No. 44, Plaintiff's response, ECF No. 46, and certain exhibits accompanying each. For purposes of the analysis below, the Court construes these facts in the light most favorable to Plaintiff, the non-moving party. *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 840 (10th Cir. 1997).

[2] Zzap alleges that the Ascentium Loans totaled over $336,000, ECF No. 6, ¶ 7, but that amount is not part of the summary judgment record.

agreement part of the loan paperwork stated that, "[d]uring the Term you [Zzap] will maintain insurance we [Ascentium] specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge." ECF No. 46, ¶ 5. Because Zzap did not purchase its own insurance for the CSDs or provide proof of insurance to Ascentium, Ascentium obtained insurance through ABIC's lessor-placed equipment insurance program to protect its loans (that is, for Ascentium's own benefit).[3] ECF No. 44, ¶ 8.

Under ABIC's lessor-placed equipment insurance program, ABIC issued to Ascentium a master policy, # LEA-56-TX-1 (the Master Policy). *Id.*, ¶ 9. The Master Policy was the only physical-damage policy issued to Ascentium by ABIC. *Id.*, ¶ 10. Ascentium is the named insured under the Master Policy. *Id.*, ¶ 11. Zzap disputes this fact, contending that it was an insured under some ABIC policy, citing ABIC's claim file and denial letter, which refer to Zzap as an "additional insured" and "customer." ECF No. 46, ¶ 11.

In January 2020, a power surge at Zzap's office rendered one of the two CSDs unusable. ECF No. 44, ¶ 19. Two months later, Zzap filed a claim for insurance benefits with ABIC. *Id.*, ¶ 20. As part of ABIC's investigation into the cause of Zzap's alleged loss,

---

[3] Zzap admits in part and denies in part this fact, qualifying that "Plaintiff chose to be insured by Defendant because it understood Defendant was Ascentium's preferred provider." ECF No. 46, ¶ 8. Zzap, however, points to no evidence that it "chose" ABIC as its insurer or took any steps to obtain the insurance policy. Such denial carries no weight. *See* CNS Civ. Practice Standard 7.1D(b)(4) (requiring denials of statements of undisputed material facts to include a brief explanation for the denial and a "specific reference to material in the record supporting the denial"). Indeed, Zzap admits that it "does not recall ever receiving a full copy of the Policy from either Ascentium or Defendant." ECF No. 6, ¶ 11.

ABIC hired a third party (who, Zzap alleges, was "associated with Ascentium") to inspect the allegedly broken CSD. *Id.*, ¶ 21; ECF No. 46, ¶ 21. The inspection apparently revealed that the CSD was "functioning properly but was not working" because Zzap failed to properly service the CSD by neglecting to put coolant in the system. ECF No. 44, ¶ 22. Zzap argues that the technician's conclusions are faulty and inaccurate.[4] ECF No. 46, ¶ 22.

On March 9, 2021, ABIC sent a letter to Zzap denying its claim for benefits, pointing to the technician's report and finding that the damage was not a covered loss.[5] ECF No. 44, ¶¶ 23–25. Zzap thus filed suit against ABIC on August 18, 2023. ECF No. 4.

## II.  PROCEDURAL BACKGROUND

On August 18, 2023, Zzap filed a claim against Assurant Insurance Agency, Inc. in District Court for Larimer County, Colorado, alleging breach of contract, statutory bad faith, and common law bad faith arising from the same claim. ECF No. 4 (Compl.). On September 19, 2023, Zzap filed its First Amended Complaint, naming ABIC as the defendant in place of Assurant but alleging the same three causes of action.[6] ECF No. 6. On November 10, 2023, ABIC removed the case to federal court. ECF No. 1. One week

---

[4] Zzap's only support for its argument that the technician's conclusions are inaccurate is its first amended complaint. *See* ECF No. 46, ¶ 22 (citing ECF No. 1-2). Generally, allegations in a complaint are insufficient to support an argument on summary judgment. However, because the Court ordered limited discovery confined to the existence of an insurance agreement between Zzap and ABIC, the Court will accept this argument at this stage.

[5] Zzap's bad news did not end there. On March 17, 2021, Ascentium sent Zzap a "Notice of Default and Acceleration" demanding payment of the loan balances and repossession of the CSDs. ECF No. 6, ¶ 31. Ascentium then filed suit against Zzap in the District Court for Larimer County, Colorado. In early November 2022, they reached a settlement agreement. *Id.*, ¶ 35. (The parties do not reference the dispute between Zzap and Ascentium in their summary judgment filings, but the Court briefly addresses that dispute to provide the whole picture.)

[6] Assurant is ABIC's parent company. ECF No. 2 (corporate disclosure statement).

later, ABIC moved to dismiss on the basis that Plaintiff lacked standing to sue as either an insured or a third-party beneficiary of any policy. ECF No. 12. ABIC moved to stay the case pending resolution of its motion, which Magistrate Judge Starnella granted. ECF No. 20.

On January 22, 2024, the Court heard oral argument on ABIC's motion to dismiss, denying it without prejudice and ordering limited discovery as to the existence of another insurance policy. ECF No. 29. Magistrate Judge Starnella lifted the stay on February 16, 2024, and, following a scheduling conference, she entered a limited scheduling order. ECF No. 36. The limited discovery period closed on May 20, 2024. ECF No. 56. On July 9, 2024, ABIC filed its motion for summary judgment. ECF No. 44. Zzap responded, ECF No. 46, and ABIC replied, ECF No. 53.[7]

### III. LEGAL STANDARD

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotations and citation omitted); Fed. R. Civ. P. 56. The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the

---

[7] Zzap also moved to amend its first amended complaint, ECF No. 45, filing that motion on the same day as its response brief. Magistrate Judge Starnella recommended that this Court deny Zzap's motion based on undue delay and undue prejudice. ECF No. 54 at 14. Zzap objected to that recommendation. ECF No. 58. The Court will rule on Zzap's objection and the underlying motion upon receipt of ABIC's response.

initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## IV.  ANALYSIS

### A.  Zzap's Status as an Insured Under the Master Policy or Any ABIC Policy

In its first amended complaint, Zzap asserts three causes of action: (1) breach of contract; (2) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and § 1116; and (3) common law bad faith. ECF No. 6. Each cause of action requires Zzap to prove the existence of a contract between itself and ABIC. ABIC argues that Zzap cannot show that it was a named insured, additional insured, or a third-party beneficiary of the Master Policy—or any other policy—and therefore cannot prevail on any of its causes of action. ECF No. 44 at 7–14. In response, Zzap argues that it was an "insured or beneficiary under *an* insurance policy issue by ABIC." ECF No. 46 at 7 (emphasis added). Zzap cites ABIC's internal and external communications suggesting that a policy existed and that Zzap was entitled to benefits under a policy. ECF No. 46 at 9. But critically, Zzap does not identify any policy besides the Master Policy. ECF No. 46 at 9.

It is undisputed that Ascentium is the named insured under the Master Policy. ECF No. 44, ¶ 11.[8] It is also undisputed that Zzap has not uncovered any other policy that may require ABIC to insure Zzap. *Id.*, ¶¶ 17–18.[9] Zzap appears to concede that it is not an insured, additional insured, or third-party beneficiary of the Master Policy—the only policy identified and disclosed in this case. ECF No. 46 at 2 (arguing that none of ABIC's internal or external communications refer to the Master Policy); *id.*, ¶ 25 (drawing distinctions between "the Policy" and "the Master Policy"). Zzap instead cites extrinsic evidence to imply that there is another insurance policy beyond the Master Policy. *Id.* at 2, 7–8 ("The Claim Information Letters do not refer to the Master Policy at all.").

Zzap first notes that ABIC referred to Zzap as a "customer" in its claim denial letter. ECF No. 44, ¶ 23 (citing ECF No. 44-6). ABIC also referred to Zzap as an "additional insured" in a single entry in its internal claim file. ECF No. 46-1 (comment dated March 17, 2020, denoting Ascentium as the named insured and Zzap as an additional insured). And then ABIC investigated the cause of the CSD's damage and issued a denial letter. *See* ECF No. 44-6 at 1 ("This loss is not covered under the policy you have with our company."); *id.* (directing Zzap to policy language that explains "what we agree to insure").

---

[8] Zzap denies this for "lack of information." ECF No. 46, ¶ 11. This unsupported denial is insufficient at the summary judgment stage. Fed. R. Civ. P. 56(c)(1)(A) (a party must support an assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials."); CNS Civ. Practice Standard 7.1D(b)(4).

[9] Zzap again disputes this material fact, citing ABIC's internal and external communications where it refers to Zzap as a "customer." ECF No. 46, ¶¶ 17–18. As the Court explains below, although Zzap's arguments may support a quasi-contract or equitable claim (which Zzap did not allege), Zzap's arguments do not show the existence of a contractual relationship between Zzap and ABIC.

Zzap's arguments are not without merit. The Court finds it puzzling that ABIC would expend resources to investigate the cause of the CSD's damage if there was no coverage to begin with. But these arguments and documents do not automatically establish the existence of any insurance policy or make Zzap an insured or beneficiary of any ABIC policy. Zzap cites no authority that these generic references alone somehow transform Zzap into an insured or additional insured. Relatedly, Zzap cites no authority that an insurance company can assume coverage after an injury by mistakenly referring to an entity as a customer.[10] Although Zzap's arguments might support quasi-contract or equitable claims, Zzap did not plead such claims. Rather, each of Zzap's claims require it to show the existence of a contract between itself and ABIC. Because Zzap has failed to uncover any such insurance policy, summary judgment is proper on each of ABIC's claims.

### B.    Zzap's Theory of Novation

For the first time in its response to ABIC's summary judgment motion, Zzap argues that there was a novation of the Master Policy. ECF No. 46 at 9–11. Zzap's argument fails for at least two reasons. First, Zzap did not raise its novation theory in either of its complaints and instead waited until its summary judgment response. Zzap's attempt to amend its complaint through its response is improper. *See* D.C.COLO.LCrR 12.2 ("A motion shall not be included in a response or reply to the original motion."); *see also*

---

[10] The Court expressed concern about this very argument at the motion to dismiss hearing, inviting counsel to find authority to support its position. In reviewing Zzap's argument that it is an insured or beneficiary under "an" insurance policy, Zzap does not cite a single case or other authority to support its position. ECF No. 46 at 7–9.

*Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

Second, Zzap's argument fails on the merits. A novation occurs when an old contract is extinguished by a new contract or obligation. *Moffat Cnty. State Bank v. Told*, 800 P.2d 1320, 1323 (Colo. 1990). To prevail on a claim for novation, a plaintiff must prove four elements: "a previous valid obligation, an agreement between the parties to abide by the new contract, a valid new contract, and the extinguishment of the old obligation by the substitution of the new one." *Id*. (citing 15 S. Williston on Contracts § 1869 (3d ed. 1972)). "The pre-existing obligation must be extinguished or there is not a novation." *Id*.

Zzap argues that there was a previously valid contract between ABIC and Ascentium that was extinguished and resulted in Zzap being the insured or beneficiary. ECF No. 46 at 10. The Court agrees with ABIC that Zzap failed to provide any evidence that the Master Policy between ABIC and Ascentium is no longer valid or that it is somehow cancelled. Indeed, Zzap admits that, under the plain terms of the Master Policy, it is effective until it is cancelled. ECF No. 44, ¶ 12; ECF No. 46, ¶ 12. Further, Zzap has not identified another agreement between ABIC and Zzap, and it fails to provide any evidence that ABIC and Ascentium agreed to abide by a new, valid contract.

For these reasons, Zzap's last-minute novation theory fails.

## V.  CONCLUSION

The Court finds that Zzap failed to show the existence of a valid insurance agreement between itself and ABIC. Thus, as a matter of law, Zzap cannot prevail on any

of its three claims, and ABIC is entitled to summary judgment. The Court grants ABIC's

motion for summary judgment. ECF No. 44.

DATED this 29th day of October 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge