IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02984-CNS-KAS

ZZAP WELLNESS, LLC, a dissolved Colorado corporation,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Florida corporation,

    Defendant.

## ORDER

Before the Court is Plaintiff Zzap Wellness, LLC's objection to United States Magistrate Judge Kathryn A. Starnella's Recommendation to deny Zzap's Motion to Amend First Amended Complaint. ECF No. 45 (motion to amend); ECF No. 54 (Recommendation). For the reasons below, the Court overrules Zzap's objection and AFFIRMS and ADOPTS the Recommendation.

### I. BACKGROUND & MAGISTRATE JUDGE RECOMMENDATION[1]

This lawsuit originated in Larimer County District Court on August 18, 2023, as an ordinary insurance claim—an alleged breach of an insurance contract paired with allegations of statutory and common law bad faith. ECF No. 4 (Compl.). Nearly one year later, and three weeks after Defendant American Bankers Insurance Company of Florida

---

[1] The Court provided a detailed factual and procedural background of this matter in its order granting ABIC's motion for summary judgment. ECF No. 59. The Court only provides background pertinent to this order.

1

(ABIC) filed its summary judgment motion, Zzap moved to amend its first amended complaint, seeking to include claims for negligent misrepresentation, promissory estoppel, and equitable estoppel. ECF No. 45. ABIC opposed the motion to amend. ECF No. 50. Curiously, Zzap elected to not file a reply brief. This Court referred Zzap's motion to amend to Magistrate Judge Starnella for initial determination. ECF No. 47.

Magistrate Judge Starnella first determined that Zzap's motion was unduly delayed. She noted that Zzap's proposed new claims significantly shift and broaden Zzap's initial theory of the case. ECF No. 54 at 9 ("Now, instead of seeking benefits owed under an insurance policy and relief for ABIC's alleged bad faith in adjusting Plaintiff's insurance claim, Plaintiff attempts to go around the insurance contract and seek relief based on alleged misrepresentations or promises outside it."). Magistrate Judge Starnella also questioned Zzap's timing of its motion to amend—filed well after the close of discovery and three weeks after ABIC moved for summary judgment—finding that Zzap could have moved to plead these claims in the alternative at any time prior to ABIC moving for summary judgment. *Id.* (explaining that almost all the "new" disclosures and information Zzap pointed to are years-old communications to which Zzap was a party). Because of the absence of a compelling reasons, Magistrate Judge Starnella determined that Zzap's amendment was unduly delayed. *Id.* at 11 (citing *Myers v. Hummel*, No. 11-cv-00400-KMT-KLM, 2012 WL 1020519, at *6 (D. Colo. Mar. 26, 2012) (finding undue delay where plaintiff's motion to amend "was not filed until after he was served with Defendant's Motion for Summary Judgment" because it appeared to be an attempt to make the complaint a "moving target")).

2

Magistrate Judge Starnella then determined that permitting Zzap to amend at this late stage would unduly prejudice ABIC. *Id.* at 12–14. She explained that the parties and the Court shaped discovery around Zzap's operative complaint and its insurance-related claims, to determine whether there was an insurance policy under which Zzap could sue. *Id.* at 14. She determined that permitting amendment would add entirely new and different claims that would require the Court to reopen discovery and allow renewed dispositive motions briefing. *Id.*[2]

## II. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,[3] the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting

---

[2] Magistrate Judge Starnella, in dicta, questioned the plausibility of Zzap's proposed claims, suggesting that it was unreasonable for Zzap to rely on ABIC's use of ordinary terms such as "customer" and "your claim," and whether Zzap plausibly alleged any promises or material misrepresentations outside the policy at issue. *Id.* at 8 n.4.

[3] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cnty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated denials of a motion to amend as dispositive "because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to treat denying a motion to amend as a recommendation). The parties do not address this issue, but the Court will treat the issue as dispositive.

3

its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.  ANALYSIS

Zzap raises two issues in its objections, neither of which compel the Court to reject or modify the Recommendation.

First, Zzap addresses Magistrate Judge Starnella's concern over Zzap's conferral process. ECF No. 58, ¶ 1. This issue stems from Zzap representing that its motion to amend was unopposed. See ECF No. 45 ("PLAINTIFF'S UNOPPOSED MOTION TO AMEND FIRST AMENDED COMPLAINT"); *id.* at 1 ("Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiff conferred with counsel for ABIC regarding the relief requested herein. ABIC does not oppose the request to add a claim for negligent misrepresentation. ABIC's position on Plaintiff's request to add claims for promissory and equitable estoppel is unknown."). As Magistrate Judge Starnella noted, ABIC's objection to the motion to amend shows that it was opposed. ECF No. 54 at 5. But that issue is moot because Magistrate Judge Starnella considered the merits of Zzap's motion to amend. *Id.* at 6 ("Nevertheless, in the interest of expediency and because Defendant's Response [#50] substantively addressed the proposed amendment, the Court will consider the Motion [#45] on the merits."). To the extent the Court can call Zzap's first argument an "objection," the Court overrules it.

Second, Zzap argues that its claims of negligent misrepresentation, promissory estoppel, and equitable estoppel are still well within the three-year limitation period for

4

each claim. ECF No. 58, ¶¶ 4–6. Zzap argues that it should be allowed to litigate these alternative claims in the instant action to promote the interests of judicial economy. *Id.* (suggesting that it will file these claims in a separate lawsuit should the Court deny its motion to amend). This argument also fails.

To warrant rejection or modification of the Recommendation, Zzap was required to explain how its motion to amend is not unduly delayed, unduly prejudicial, and futile. *See 2121 East 30th St.*, 73 F.3d at 1059. By failing to even address the merits of the Recommendation, Zzap's arguments are not sufficiently specific to warrant de novo review.

In sum, Zzap has not sufficiently challenged any finding of fact or law in Magistrate Judge Starnella's Recommendation. The Court therefore overrules the objection.

## IV.  CONCLUSION

The Court overrules Zzap's objection and AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 54, in its entirety as an order of this Court. Therefore, Zzap's Motion to Amend First Amended Complaint, ECF No. 45, is DENIED. Because the Court has already granted summary judgment in ABIC's favor on Zzap's policy-based claims, ECF No. 59, the Clerk of Court is directed to enter judgment and close this case.

DATED this 12th day of November 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge